UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17cv21-FDW

| | |
|---|---|
| JEREMY LYNN BENFIELD, *aka Jeremy Lynn Cooper*, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>FRANK L. PERRY, et al., )<br>)<br>Respondent. )<br>) | ORDER |

**THIS MATTER** is before the Court upon Petitioner Jeremy Lynn Benfield's pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1), and his second Motion to proceed in forma pauperis (Doc. No. 4).

**I.     PROCEDURAL HISTORY**

Petitioner is a prisoner of the State of North Carolina who, on April 14, 2000, was convicted by a jury in Iredell County Superior Court of assault with a deadly weapon with intent to kill inflicting serious injury, assault with a deadly weapon inflicting serious injury, and injury to personal property. He received consecutive sentences of 116 to 149 months imprisonment, 34 to 50 months imprisonment, and 45 days imprisonment, respectively. (Pet. 1-2, Doc. No. 1.)

Petitioner's direct appeal was denied by the North Carolina Court of Appeals on December 4, 2001. See State v. Benfield, No. COA00-1236, 558 S.E.2d 262, slip op. at 1 (N.C. Ct. App. Dec. 4, 2001) (unpublished). He sought discretionary review in the North Carolina Supreme Court on January 19, 2016. See State's Resp. to Cert. Pet. *2, State v. Benfield, No. P16-682, 2016 WL 5248026 (N.C. Ct. App. filed Sept. 19, 2016). His petition was denied on

March 17, 2016. State v. Benfield, No. 22P16-1, 782 S.E.2d 736 (N.C. 2016) (Mem).

According to Petitioner, he filed a Motion for Appropriate Relief ("MAR") in Iredell County Superior Court on July 13, 2016, which was denied on August 15, 2016. (Pet. 3.) On September 6, 2016, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, seeking review of the denial of his MAR. (Pet. 4.) It was denied on September 22, 2016. (Pet. 5.)

Petitioner's § 2254 habeas Petition was received in this Court on January 20, 2017.[1] (IFP Mot. 1, Doc. No. 2.) He raises the following grounds for relief: 1) the trial court violated his right to due process by sentencing him to consecutive sentences outside the mitigated range; 2) the sentence imposed was grossly disproportionate; 3) trial counsel rendered ineffective assistance; 4) a new North Carolina sentencing law should be applied retroactively to Petitioner's judgment; 5) the trial court incorrectly calculated Petitioner's prior criminal record level at sentencing; 6) the trial court incorrectly calculated the amount of jail credit Petitioner was due; 7) the trial court erred in denying Petitioner's motion to dismiss; and 8) the trial court erred in refusing to give a jury instruction on voluntary intoxication and intent to kill. (Pet. 5-15.)

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28

---

[1] Under the prison mailbox rule, a pro-se prisoner's habeas petition is deemed "filed" when he relinquishes control of it to the prison mailroom authorities." United States v. McNeill, 523 F. App'x 979, 983 (4th Cir. 2013) (unpublished). In this case, Petitioner swore under penalty of perjury that he deposited his habeas Petition in the prison mail system on October 23, 2016. (Pet. 19, Doc. No. 1.) The Clerk of Court's Office, however, received both the Petition and Petitioner's first Motion to proceed in forma pauperis on January 20, 2017 (IFP Mot. 1, Doc. No. 2), and the envelope in which they were mailed bears a January 17, 2017 North Carolina Department of Public Safety date stamp. (Doc. No. 1-2.) Petitioner was given an opportunity to provide evidence from the prison mail log that he, in fact, deposited his Petition in the mail system on October 23, 2016 (Order, Doc. No. 3), but he declined.

U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on April 14, 2000, when Petitioner was sentenced. His direct appeal was denied by the North Carolina Court of Appeals on December 4, 2001. Petitioner then had thirty-five days, up to and including January 8, 2002, to file a petition for discretionary review ("PDR") in the North Carolina Supreme Court. See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Because he did not file a PDR within those thirty-five days, Petitioner's conviction became final on or about January 8, 2002, when the time for seeking that review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it fully expired on or about January 8, 2003, more than 14 years before Petitioner filed the instant § 2254 habeas Petition.

3

Thus, the Petition appears to be time-barred under § 2244(d)(1)(A).

In addressing the timeliness of his habeas Petition, Petitioner states that he "is filing on time" but fails to explain why he believes his Petition is timely. (Pet. 18.) Additionally, his statement appears to reflect a misunderstanding of how the statute of limitations is calculated.

The Court shall provide Petitioner 21 days to explain why the instant § 2254 habeas Petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). Failure to comply with the Court's Order shall result in dismissal of the Petition without further notice.

**IT IS, THEREFORE, ORDERED** that Petitioner shall, within 21 days from entrance of this Order, file a response explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that Petitioner's second Motion to proceed in forma pauperis (Doc. No. 4) is **GRANTED**.

Signed: May 31, 2017

Frank D. Whitney
Chief United States District Judge