UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17cv21-FDW

| JEREMY LYNN BENFIELD, | ) |
| *aka Jeremy Lynn Cooper*, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| FRANK L. PERRY, et al., | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court upon Petitioner Jeremy Lynn Benfield's pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

**I.    PROCEDURAL HISTORY**

Petitioner is a prisoner of the State of North Carolina who, on April 14, 2000, was convicted by a jury in Iredell County Superior Court of assault with a deadly weapon with intent to kill inflicting serious injury, assault with a deadly weapon inflicting serious injury, and injury to personal property. He received consecutive sentences of 116 to 149 months imprisonment, 34 to 50 months imprisonment, and 45 days imprisonment, respectively. (§ 2254 Pet. 1-2, Doc. No. 1.) Petitioner's direct appeal was denied by the North Carolina Court of Appeals on December 4, 2001. See State v. Benfield, No. COA00-1236, 558 S.E.2d 262, slip op. at 1 (N.C. Ct. App. Dec. 4, 2001) (unpublished).

Petitioner sought discretionary review in the North Carolina Supreme Court on January 19, 2016. See State's Resp. to Cert. Pet. *2, State v. Benfield, No. P16-682, 2016 WL 5248026 (N.C. Ct. App. filed Sept. 19, 2016). His petition was denied on March 17, 2016. State v.

1

Benfield, No. 22P16-1, 782 S.E.2d 736 (N.C. 2016) (Mem).

Petitioner next filed a Motion for Appropriate Relief ("MAR") in Iredell County Superior Court on July 13, 2016, which was denied on August 15, 2016. (§ 2254 Pet. 3.) On September 6, 2016, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, seeking review of the denial of his MAR. (§ 2254 Pet. 4.) It was denied on September 22, 2016. (§ 2254 Pet. 5.)

Petitioner filed the instant § 2254 Petition in this Court on January 20, 2017.[1] He raises the following grounds for relief: 1) the trial court violated his right to due process by sentencing him to consecutive sentences outside the mitigated range; 2) the sentence imposed was grossly disproportionate; 3) trial counsel rendered ineffective assistance; 4) a 2009 North Carolina sentencing law should be applied retroactively to Petitioner's judgment; 5) the trial court incorrectly calculated Petitioner's prior criminal record level at sentencing; 6) the trial court incorrectly calculated the amount of jail credit Petitioner was due; 7) the trial court erred in denying Petitioner's motion to dismiss; and 8) the trial court erred in refusing to give a jury instruction on voluntary intoxication and intent to kill. (§ 2254 Pet. 5-15.)

II.     **STANDARD OF REVIEW**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, directs district courts to dismiss habeas petitions when it plainly appears from the petition and

---

[1] Under the prison mailbox rule, a pro-se prisoner's habeas petition is deemed "filed" on the date he places it in the prison mail system. See Houston v. Lack, 487 U.S. 266, 267 (1988). In this case, Petitioner swore under penalty of perjury that he deposited his habeas Petition in the prison mail system on October 23, 2016. (§ 2254 Pet. 19, Doc. No. 1.) The envelope in which it was mailed, however, bears a January 17, 2017 date stamp. (Doc. No. 1-2.) It was received in the Clerk of Court's Charlotte Office on January 20, 2017. (IFP Mot. 1, Doc. No. 2.) Petitioner was given an opportunity to provide evidence from the prison mail log that he, in fact, deposited his Petition in the mail system on October 23, 2016 (Order, Doc. No. 3), but he did not do so. Accordingly, the Petition is considered filed on the date it was received in the Charlotte Office.

any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on April 14, 2000, when Petitioner was sentenced. His direct appeal was denied by the North Carolina Court of Appeals on December 4, 2001. Petitioner then had thirty-five days, up to and including January 8, 2002, to file a petition for discretionary review ("PDR") in the North Carolina Supreme Court. See N.C. R. App. P. 15(b)

("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Because he did not file a PDR within those thirty-five days, Petitioner's conviction became final on or about January 8, 2002, when the time for seeking that review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it fully expired on or about January 8, 2003, more than 14 years before Petitioner filed the instant § 2254 habeas Petition. None of Petitioner's filings in the state courts after that date resurrected or restarted the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Thus, absent equitable tolling or application of § 2244(d)(1)(B), (C), or (D), the Petition is time-barred under § 2244(d)(1)(A).

In addressing the timeliness of his habeas Petition, Petitioner states that he "is filing on time" but fails to explain why he believes his Petition is timely. (§ 2254 Pet. 18.) Therefore, the Court provided Petitioner notice that his habeas Petition appeared to be untimely and 21 days to file a document explaining why the Petition should not be dismissed as such, including any reasons why equitable tolling should apply, see Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). (Doc. No. 3.) The Court also notified Petitioner that failure to comply with the Court's order would result in dismissal of the Petition without further notice. (Doc. No. 3.)

Petitioner has not responded to the Court's Order. Accordingly, the § 2254 Petition shall be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No 1) is **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1)(A); and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: January 26, 2018

Frank D. Whitney
Chief United States District Judge